Ravida BENJAMIN; et al.,
Plaintiffs—Appellees,

v.

Lenora LORENZO; et al.,
Defendants—Appellants,

and

John Lundholm, Defendant.

No. 04–15109.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2004.

Decided June 24, 2004.

T. Anthony Gill, Esq., Wade C. Zukeran, Esq., Gill & Zukeran, Sean Kim, Esq., Honolulu, HI, James E. Eggleston, Esq., Law Offices of James Eggleston, Oakland, CA, for Plaintiffs–Appellees.

Margery S. Bronster, Bronster, Crabtree & Hoshibata, Honolulu, HI, Fred H. Altshuler, Esq., Eileen B. Goldsmith, Esq., Altshuler, Berzon, Nussbaum, Rubin & Demain, San Francisco, CA, John Lundholm, Kapolei, HI, for Defendants–Appellants.

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM *

Lenora Lorenzo and other officers of the Hawaii Nurses' Association (HNA) appeal the denial of its December 8, 2003 motion to dissolve a preliminary injunction originally issued by the district court on November 7, 2003.

The issuance of preliminary injunction itself was not appealed. Our review is therefore limited to the "new material presented with respect to the motion to dissolve" and, consequently, we do not consider "the propriety of the underlying order." *Sharp v. Weston*, 233 F.3d 1166, 1169–70 (9th Cir.2000). "We review the denial of a motion to dissolve an injunction for abuse of discretion, which we find if there was clear error in factual findings or erroneous application of law." *See Federal Trade Comm'n. v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1212–13 (9th Cir.2004).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellants sought dissolution based on evidence that collective bargaining between nurses and employers had broken down and that several employers had filed Amendment of Certification petitions (so-called "AC petitions") with the NLRB, and that the NLRB declined to proceed in the face of the injunction. Because we determine that the injunction does not in any way infringe on the jurisdiction of the NLRB to determine representational issues, we decline to set the district court's refusal aside. We note that the district court, in denying the motion to dissolve the injunction, explained:

> The instant preliminary injunction is intended to maintain the status quo of the contractual relationship between HNA and CBO, and *does not prevent the NLRB from determining which party is the proper collective bargaining agent.* In fact, in order not to infringe on the NLRB's primary jurisdiction, the Court must *refrain* from dissolving the preliminary injunction; for the Court to dissolve the preliminary injunction and allow HNA to disestablish CBO and replace it with its own collective bargaining unit may implicate representational matters properly within the NLRB's primary jurisdiction.

(second emphasis in original)

We see no impediment to the Board proceeding. As the district court stated, the preliminary injunction "does not prevent the NLRB from determining which party is the proper collective bargaining agent."

The district court did not abuse its discretion in denying the motion to dissolve

the injunction and is, therefore, AFFIRMED.